IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TORREY A. WILLIAMS, a minor by
and through SANDRA RANKIN, a paternal
Grandmother and Guardian Ad Litem,

    Plaintiff,

v.                                                                       Civil No. 02-0996 WP/LFG

DEBORAH HARTZ; MARJORIE TAFOYA;
DAVID PECOTTE; ANGUS MACKILLOP;
SUSAN ZELLHOFFER;
AND any unknown JOHN DOES and JANE R. ROES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motions for Entry of Default Judgment against Defendants Tafoya, Pecotte, Zellhoefer and Hartz, all filed on September 12, 2002 **(Docs. 21, 24, 27 and 30)**.[1] Plaintiff seeks default judgments against these individuals on the basis that they have been served but have neither answered nor entered an appearance.

The party against whom default is entered must have been properly served with process. Pursuant to Fed. R. Civ. P. 4(e), service is permitted by serving that individual in accordance with the law of the State of New Mexico (Rule 4(e)(1)); or by delivering process personally, by delivering process to the individual's dwelling or usual place of abode, or by delivering a copy of the summons and complaint to an appointed agent. The Clerk of Court has entered defaults as to

---

[1] Upon Plaintiff's motion, the Court has already entered default judgment against Defendant Mackillop. (Doc. 16).

Defendants Hartz, Tafoya and Pecotte. (Doc. 33).[2]

*Defendants Zelloefer and Hartz*

The Court record indicates that Ms. Zellhoefer was served personally on August 20, 2002.[3] (Doc. 3). However, the basis upon which Plaintiff premises the instant motion no longer exists. Since the filing of this motion, Defendant Zellhoefer has entered an appearance on September 16, 2002 (Doc. 15) and filed an Answer to the Complaint on September 23, 2002 (Doc. 17). Therefore, Plaintiff's motion for default judgment is DENIED as to Defendant Zellhoefer.

The return of service executed upon Defendant Hartz indicates that service was attempted by delivering process to "Margaret L. Herrera, Administrator III for Deborah Hartz." (Doc. 11). Service to an individual's administrative assistant is not enumerated as a method of service under Rule 4(e). Therefore, Plaintiff's motion for default judgment as to Defendant Hartz is DENIED.

*Defendants Tafoya and Pecotte*

Service appears to have been properly effectuated as to Defendants Tafoya and Pecotte, on August 21, 2002 (Doc. 9) and August 20, 2002 (Doc. 4), respectively. The return of summons for both of these Defendants shows that these individuals were served personally at the address of the Children, Youth and Families Department where the complaint alleges that Ms.

---

[2] Upon motion of a party, the clerk of court may enter a default against a party who has failed to plead or otherwise defend. *Fed.R.Civ.P. 55(a).*

[3] Entry of default by the clerk of court is a prerequisite for the entry of judgment upon that default. *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998); *Fed.R.Civ.P. 55(a)*. Requests for the clerk's entry of default ("Praecipe") as to each of these individual Defendants were filed at the time Plaintiff filed the motions for default judgment.

Tafoya is director / supervisor of placement services, *Compl., ¶ 4* and Mr. Pecotte is a supervisor / employee, ¶ 5. Because service as to these two individuals appears to have been proper, and Defendants Tafoya and Pecotte have not filed a responsive pleading or otherwise defended in this case, Plaintiff's motion for default judgment is GRANTED.

Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment as to Defendant Tafoya **(Doc. 21)** is hereby GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment as to Defendant Pecotte **(Doc. 24)** is hereby GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment as to Defendant Zelloefer **(Doc. 27)** is hereby DENIED;

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Entry of Default Judgment as to Defendant Hartz **(Doc. 30)** is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE