IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TORREY A. WILLIAMS, a minor by
and through SANDRA RANKIN, a paternal
Grandmother and Guardian Ad Litem,

       Plaintiff,

v.                                          Civil No. 02-0996 WP/LFG

DEBORAH HARTZ; MARJORIE TAFOYA;
DAVID PECOTTE; ANGUS MACKILLOP;
SUSAN ZELLHOEFER;
AND any unknown JOHN DOES and JANE R. ROES,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Set Aside Entry of Default Judgment as to Defendants Tafoya and Pecotte, and Dismiss Complaint Due to Insufficiency of Service as to All the Defendants, filed October 9, 2002 (**Doc. 36-1 & 36-2**). Having considered counsel's submissions and the applicable law, I find that Defendants' motion to set aside the default judgments have merit and will be granted, but that their motion to dismiss the complaint does not have merit and will be denied.

In different orders, the Court previously granted Plaintiff's motions for default judgment as to Defendants Tafoya and Pecotte, and denied motions for default judgment as to Defendants Hartz, Zellhoefer and Mackillop (Docs. 16 and 33). Defendants now move to set aside the default judgments entered against Tafoya and Pecotte, on the basis that as state government employees, they were improperly served under Fed.R.Civ.P. 4(j)(2) which requires service on the

chief executive officer of the governmental organization, or service as prescribed under state law. Under state law, where state employees are named as defendants in a lawsuit, service is not complete until the attorney general is served. N.M.R.A. 1-004(F)(3)(c). Thus, Defendants argue, not only should the Court lift the default judgments against Tafoya and Pecotte, but because there is no record that the attorney general was served as to any of the Defendants, the entire action should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Plaintiff concedes that the default judgments against Defendants Tafoya and Pecotte should be lifted, but disagrees with Defendant that service upon Zellhoefer was deficient. However, Plaintiff either misapprehends or purposely sidesteps Defendants' general assertion of insufficiency of process by characterizing it as one testing the "legal sufficiency of the complaint"-- which it is not -- and thus does not offer the Court any hint of her position on the issue of whether service on the attorney general is necessary as to Defendants Hartz and MacKillop.

*Service on the state attorney general*

Defendants are correct that service on the attorney general is required at least to certain Defendants in this case, but they are correct for the wrong reasons. They rely on Fed.R.Civ.P.4(j)(2) as the rule governing service in this case, which does allow service under the method prescribed by state law.  However, the language in Rule 4(j) is limited to "foreign, state, or local governments" and does not mention state or local government *employees*, which leaves Rule 4(e) as the proper method to effectuate service on the individual named Defendants. Thus, service under the state law method would be an alternative only if Plaintiff was suing a state or local governmental entity, which Plaintiff has not done in this case.

Nevertheless, Fed.R.Civ.P. 4(j) still applies in part to this case, if not for the reasons given

2

by Defendants.[1]  Although the caption of the Complaint names only individual Defendants, the Complaint itself states that all Defendants except Zellhoefer (and the unknown Does) are sued in their individual as well as official capacities as employees of the New Mexico Children, Youth and Families Department.  Thus, while both parties are correct that Rule 4(j) applies in this case, it only applies to service of these Defendants in their official capacities.  Service under Fed.R.Civ.P. 4(e) is still required for service to be effected on them in their individual capacities.  McCaslin v Cornhusker State Indus., 952 F.Supp. 652, 658-59 (D.Neb. 1996) (service defective or inadequate on government employee sued in official capacity where plaintiff failed to effect service on the chief executive officer or the state attorney general under Fed.R.Civ.P. 4(j); individual service under Rule 4(e) conferred jurisdiction over employees only in their individual capacities. Whatley v. District of Columbia, 188 F.R.D. 1, 2 (D.C. 1999) (individual defendants who are employees of a municipal corporation are subject to service under Rule 4(e) of the Federal Rules of Civil Procedure rather than under Rule 4(j)(2) which extends only to states, municipal corporations, or other government organizations).[2]  Accordingly, Plaintiff is required to

---

[1] Defendants relied on Fed.R.Civ.P.4(j)(2) without considering that it applies in this case only because certain Defendants are sued in their official capacity.  Reliance on state law for the proposition that the attorney general should be served was therefore fortuitous, but incorrect. Likewise, as I previously mentioned, Plaintiff failed to respond to Defendants' request for general dismissal based on their contention that the attorney general should have been served as to *all* Defendants.  Also, while conceding that defaults against Tafoya and Pecotte should be lifted, Plaintiff has not asked for leave of Court to cure the deficiencies in service.

[2] Thus, under Fed.R.Civ.P. 4(j)(2), state law may be referenced as an alternative means of service where either the state or local government is sued, or where a government employee is sued in an official capacity.  However, I note that even where individual or official capacity is not an issue, state law itself requires service on *both* the individual *and* the attorney general. Under N.M.R.A. 1-004(F)(3)(c), service is effected "in any action in which an officer, official, or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the summons and of the complaint

3

serve those Defendants who are sued in their official capacity (i.e., Defendants Tafoya, Pecotte, Hartz and Mackillop) *both* individually (under Fed.R.Civ.P. 4(e)), *and* in their official capacities (under Fed.R.Civ.P. 4(j)(2), which allows for state service method)).

*Defendant Zellhoefer*

As to Defendant Zellhoefer, I find that service under Fed.R.Civ.P. 4(e) is all that is required. Plaintiff states that Zellhoefer is an attorney in private practice and has not alleged that Zellhoefer is a government employee. Further, Zellhoefer's role as guardian ad litem does not confer status as a government employee who can be sued in an official capacity such that would trigger service under Fed.R.Civ.P. 4(j).[3] As noted in my earlier Opinion and Order (Doc. 33 at 2), Zellhoefer was served personally. In addition, Zellhoefer has filed an Answer to the Complaint (Doc. 17), thus rendering moot any question concerning service on this Defendant.

*Deficiencies in Service*

Defendants' request that the case be dismissed under Fed.R.Civ.P. 12(b)(5) will be denied. Instead, I will allow Plaintiff an opportunity to cure the defects in service. See Pell v. Azar Nut Co., 711 F.2d 949, 950 n. 2 (10th Cir.1983) (general rule is that "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant" unless proper service of process would be futile), cited in Gregory et al. v. U.S. and U.S. Bankruptcy Court for the District of Colo., 942 F.2d 1498, 1500

---

to the officer, official or employee *and* to the attorney general." (emphasis added).

[3] Guardianship does not constitute acting "under color of state law." Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir.1986) (per curiam) (holding guardian ad litems not state actors under 42 U.S.C. § 1983).

(10th Cir. 1991); McCaslin v Cornhusker State Indus., 952 F.Supp. 652, 658-59 (D.Neb. 1996) (citing Haley v. Simmons, 529 F.2d 78, 79 (8th Cir.1976) ("While a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, especially where justice demands and prejudice would not result to the improperly served parties."). Defendants do not contend, nor do I find any reason to believe, that it would be futile to allow Plaintiff time to cure the deficiencies. Cmp. McCaslin at 659 (finding no basis to direct reissuance of service where plaintiff failed to state claim upon which relief might otherwise be granted).

In sum, and as both parties stipulate, default judgments which have been entered against Defendants Tafoya and Pecotte shall be lifted, since they have not been served in their official capacity under Fed.R.Civ.P. 4(j)(2) by serving the state attorney general. Service has been properly effected on them in their individual capacities, however, under Fed.R.Civ. P. 4(e). Defendants Hartz and Mackillop have not been properly served in either their individual or official capacities.[4] As discussed above, service on Defendant Zellhoefer is complete, thus Defendants' motion as to this Defendant is moot.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Set Aside Default **(Doc. 36-1)** is hereby GRANTED in that the default judgments entered against Defendants Tafoya and Pecotte **(Doc.**

---

[4] Plaintiff's earlier motions for default judgment against these two Defendants were denied, since they had not properly been served individually under Fed.R.Civ.P. 4(e). Doc. 16 & Doc. 33 at 2.

5

33) are hereby LIFTED[5];

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Complaint **(Doc. 36-2)** is hereby DENIED;

**IT IS FINALLY ORDERED** that Plaintiff is afforded **SIXTY (60) DAYS** from the date this Order is entered in which to cure the deficiencies in service which are discussed and set out above.

```
                                    _____
                                    UNITED STATES DISTRICT JUDGE
```

---

[5] The Court's Memorandum, Opinion and Order entered October 1, 2002 (Doc. 33) is not otherwise modified in its findings.