# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TORREY A. WILLIAMS, a minor by
and through SANDRA RANKIN, a paternal
Grandmother and Guardian Ad Litem,

    Plaintiff,

v.                                                                   Civil No. 02-0996 WP/LFG

DEBORAH HARTZ; MARJORIE TAFOYA;
DAVID PECOTTE; ANGUS MACKILLOP;
SUSAN ZELLHOFFER;
AND any unknown JOHN DOES and JANE R. ROES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss (II) for Failure to State a Claim due to Eleventh Amendment Immunity, filed on November 26, 2002 by Defendants Hartz, Tafoya, Pecotte and MacKillop ("CYFD Defendants") **(Doc. 46)**. The Eleventh Amendment forbids suit against a state or agencies of the state in federal court unless there has been a waiver of immunity. Edelman v. Jordan, 415 U.S. 651, 653 (1974). Defendants contend that Eleventh Amendment immunity precludes suit against them in their official capacities.[1]

Plaintiffs concede that they are suing the CYFD Defendants in both individual and official capacities. See Complaint, ¶¶ 3, 4, 5, and 6. However, they argue that governmental liability is not an issue and therefore Eleventh Amendment immunity does not apply in this case. Plaintiffs misunderstand fundamental aspects of sovereign immunity and its relationship to the Eleventh

---

[1] The "CYFD" Defendants are employees of the New Mexico Department of children, Youth and Families Department. Plaintiffs do not argue that CYFD is not a state agency.

Amendment.  An action against a state official named in his or her official capacity is tantamount to an action against the state or state agency. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (action filed against a state official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent" (quoting Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690 n.55 (1978); Will v. Michigan Dept. of State Police, 498 U.S. 58, 71 (1989) (state official acting in his or her official capacity is viewed to be the same as the state itself and is not considered a "person" whose actions can give rise to a cause of action under § 1983).  Therefore, any claims against the CYFD Defendants in their official capacity should be dismissed, although claims that seek to impose individual or personal liability upon these individuals under § 1983, even for acts taken during the course of their official duties, may remain.  Hafer v. Melo, 502 U.S. 21, 29 (1991).[2]

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss (II) for Failure to State a Claim due to Eleventh Amendment Immunity **(Doc. 46)**, is hereby GRANTED in that claims against Defendants Hartz, Tafoya, Pecotte and MacKillop in their official capacities are barred by the Eleventh Amendment and  DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Thus, if -- as Plaintiffs contend in the response -- the CYFD Defendants are being sued only as "individuals as a result of their official conduct," that would mean that Defendants are being sued *only* in their individual capacity.  But Plaintiffs have clearly indicated, both in the Complaint as well as the response to the instant motion, that these Defendants are being sued in both capacities.