IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA RANKIN, paternal
grandmother and guardian ad litem
of Torrey A. Williams, a minor,

          Plaintiff,

vs.                                                    CIVIL NO. 02-996 WJ/LFG

DEBORAH HARTZ et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTIONS TO COMPEL

THIS MATTER is before the Court on various motions to compel discovery filed by Plaintiff, Sandra Rankin ("Rankin"), on behalf of Torrey A. Williams, a minor. The Court has considered the separate motions and responses. No replies are necessary and none were filed.

**Motion to Compel Production of Discovery and Sanctions - Doc. 67**

This motion is directed to Susan Zellhoefer and recites that Ms. Zellhoefer has failed to sign responses to interrogatories and verify the accuracy of her responses. In addition, Rankin contends that Ms. Zellhoefer has failed to adequately respond to Interrogatory No. 9.

Ms. Zellhoefer did not file a response to the motion, but filed a certificate [Doc. 86] indicating that the answers were mailed to counsel on February 28, 2003. No reply was filed. The Court therefore presumes that the interrogatories have now been fully answered and that they have been signed and verified as required by law.

In the event Ms. Zellhoefer has not signed and verified her responses to interrogatories, she is directed to do so within fifteen days of the entry of this order. Further, the Court considered Plaintiff's claims that the response to Interrogatory No. 9 was inadequate. The Court disagrees. A review of the answer shows that the question asked was adequately answered.

### Motion to Compel Verification of Interrogatories: to Compel Production and Answers - Doc. 72

This motion concerns the discovery served on Marjorie Tafoya. Ms. Tafoya failed to sign and verify her answers (*see* Response, Doc. 85) and responds that "a verification will be produced as soon as Defendants' new counsel is comfortable with all the facts in the file delivered to him, and has met with Ms. Tafoya to discuss interrogatories and responses." (Response, ¶ 4).

This is insufficient. Rankin is entitled to signed and verified responses. The Court directs the responses to be signed and verified within fifteen days from the date of entry of this order.

The Court considered Rankin's claims that the responses to Interrogatories No. 11, 13 and 17 are insufficient. The Court disagrees. No further responses to these interrogatories will be required.

### Motion to Compel Verification of Interrogatories to Compel Production and Answers - Doc. 74

This motion involves interrogatories served on Defendant Angus Mackillop. Rankin again demonstrates that Mr. Mackillop failed to sign and verify the answers to his interrogatories. She also contends that Interrogatories No. 4, 6, 7, 10 and 12 contain inadequate responses.

On March 3, 2003, Mr. Mackillop responded to the motion to compel and states that he, too, will sign and verify the responses at some unknown date in the future when he and counsel are comfortable with the facts. This is insufficient. Mr. Mackillop must sign and verify his answers

within fifteen days from the date of this order.

The Court specifically reviewed Interrogatories No. 4 and 6, and finds the responses sufficient. Regarding Interrogatory No. 7, it is appropriate to respond to the interrogatory by producing business records. *See* Fed. R. Civ. P. 33(d).

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be determined . . . .

As Rankin failed to reply to the response, she is deemed to have accepted the argument.

The Court finds that the response to Interrogatory No. 10 is appropriate. Mr. Mackillop responds that he did not investigate why Sabrina Ochs was in CYFD's custody. He identifies his position and what groups of attorneys performed investigations. No further response is necessary to Interrogatory No. 10.

So too with Interrogatory No. 12. This interrogatory requires Mr. Mackillop to state the information, directions and requirements made of Richard and Teresa Fetch concerning Torrey Williams and the "other child." The response indicates the date of the report, who made the report to whom, and what directions were given. The Court determines that the answer to Interrogatory No. 12 is sufficient and no further response is required.

### **Motion to Compel Verification of Interrogatories; To Compel Production and Answers - Doc. 76**

This motion concerns discovery requests served on David Pecotte. The responses in this case, as in others, are unverified and unsigned. For the reasons previously stated, this is insufficient. Mr.

Pecotte must verify and sign his answers within fifteen days from date of entry of this order.

In addition to Rankin's concerns that the answers are not verified and signed, she expresses concerns over responses to Interrogatories No. 11, 12, 13 and 17.

Interrogatory No. 11 asks Mr. Pecotte to describe the policy and procedures followed by CYFD in handling reports of sexual, mental or physical abuse. A review of his response indicates that he answered the questions posed. The Court determines that the response to Interrogatory No. 11 is sufficient and no further response is necessary.

In Interrogatory No. 12, Mr. Pecotte is asked to produce a variety of documents going back ten years, including all reports or incidents of sexual, mental or physical abuse of children in the custody of CYFD. Mr. Pecotte responds that he does not have this information, nor is it available to him. He further states that he does not know where the information would be located or how it would be accessed.

It would appear that Mr. Pecotte is not the proper custodian to respond to this interrogatory, and, further, that the ten-year period for which the information is sought is excessive. In Horizon Holdings LLC v. Genmar Holdings, Inc., 209 F.R.D. 208, 212 (D. Kan. 2002), a trial court was called upon to determine, in the context of employment discrimination cases, how many years a plaintiff could request information that would be relevant and/or reasonably calculated to lead to the discovery of admissible evidence. The Kansas District Court discussed decisions in which different periods of time have been found reasonable. For example, in James v. Newspaper Agency Corp., 591 F.2d 579 (10th Cir. 1979), the court authorized four years prior to the liability period as a reasonable number of years; in EEOC v. Kansas City Southern Railway, 195 F.R.D. 678, 679-80 (D. Kan. 2000), the court allowed discovery for three years prior and one year after the liability period. Similarly, in

4

Lyoch v. Anheuser-Busch Cos., 164 F.R.D. 62, 67 (E.D. Mo. 1995), the court allowed production of documents for a period of four years prior to the liability period. In McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 62 (E.D. Pa. 1979), the court authorized discovery for a maximum of five years prior to the liability period. Finally, in Cormier v. PPG Indus., 452 F. Supp. 594 (W.D. La. 1978), the court authorized discovery for a period of five years prior to the liability period.

While we are not dealing with employment discrimination in this litigation, the nature of the case is of little consequence. Clearly, a range of between two to five years is appropriate to consider with respect to a defendant's prior conduct. In none of these cases did any court authorize discovery for a period of ten years as is sought here.

When the proper custodian is identified, Rankin's request for information should not exceed more than four years prior to the claimed liability period.

The Court reviewed Rankin's Interrogatories No. 13 and 17, together with Pecotte's responses and determines that his responses are appropriate. No further response is required.

### Motion to Compel Verification of Interrogatories and Request for Production - Doc. 78

This motion concerns the interrogatories and requests for production served on Secretary Deborah Hartz. As in the prior requests, Rankin requires that the Secretary sign and verify her responses. Defendants request to hold off on verification until some time in the future when there is a degree of comfort in the responses is simply not acceptable. The Secretary must sign and verify the responses within fifteen days from the date of this order.

No responses to any specific interrogatories are in dispute, and it appears that Rankin's only concern with Secretary Hartz's responses is that they were not signed and verified.

5

In sum, the Court has granted in part and denied in part the various motions to compel. To the extent that the Court directed supplementary answers or verifications, they shall be provided to Rankin within fifteen days.

*[signature]*
Lorenzo F. Garcia
Chief United States Magistrate Judge

]