IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA RANKIN, paternal
grandmother and guardian ad litem
of T.A.W., a minor,

        Plaintiff,

vs.                                        CIVIL NO.  02-996 WJ/LFG

DEBORAH HARTZ et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S DISCOVERY REQUEST

THIS MATTER is before the Court on a telephonic conference hearing on Plaintiff's letter request to resolve some discovery disputes.[1]

Plaintiff requests information related to the alleged sexual abuse of minor children while in the custody of the State of New Mexico. Generally, the information sought by Plaintiff is confidential. *See, e.g.*, Abuse and Neglect Act, NMSA 1978 §§ 32A-4-20, 21. Indeed, due to the highly confidential nature of matters relating to neglect or abused children, especially involving sexual abuse, the Court will refer to the children who are the subject of this litigation and the present motion by their initials.[2]

---

[1] In accord with the two-pronged goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, that is, to expedite the ultimate disposition of cases and to reduce the costs of litigation, magistrate judges in the District of New Mexico frequently resolve discovery disputes by use of telephonic hearings. This practice can reduce the significant briefing costs on formal motion practice and can expedite resolution of discovery disputes. This practice, however, is generally limited to single-issue matters.

[2] In all future pleadings, both minors should be referred to by their initials, both in the case caption and in the body of the pleadings.

**Background**

Plaintiff is the grandparent and guardian of T.A.W., a minor child, and brings this action pursuant to 42 U.S.C. § 1983, alleging that T.A.W.'s federally protected rights were violated by Defendants. Specifically, Plaintiff contends that T.A.W., then age 3, was in the custody of the State of New Mexico and placed in foster care. Plaintiff further contends that another foster child, S.O., who was then age 12, resided in the same foster home. Plaintiff alleges that S.O. sexually abused T.A.W. while both children resided in the same foster home and were in the State's custody, and that this abuse occurred as a result of the State's deliberate indifference to T.A.W.'s constitutional rights.

Plaintiff's claims are premised in part on the assumption that the minor child, S.O., was also a victim of sexual abuse; and that the State knew or should have known that a sexually abused child like S.O. has a greater propensity to become a sexual abuser, and armed with that knowledge should not have placed T.A.W. in the same foster home where she was likely to be abused. According to Plaintiff, it follows that the facts which the State had concerning the abuse perpetrated on S.O., as well as S.O.'s treatment plan, are relevant to prove Plaintiff's claims.

**Present Motion**

The parties generally agree that in March 2002, the State first learned of the alleged abuse of T.A.W. by S.O. The Court previously authorized release of T.A.W.'s home studies, reports and case files. The present dispute, however, concerns release of information relating to S.O.

The State does not oppose production of information relating to S.O. prior to March 2002. While not agreeing that the State was placed on any notice of S.O.'s alleged propensity to engage in sexual misconduct, the State concedes that S.O.'s background file, up to the date of the alleged incidents, is relevant, and subject to a protective order, is willing to produce S.O.'s file.

Accordingly, the Court will order production of S.O.'s studies, reports and file that pre-date March 2002. This file should be produced to Plaintiff's counsel within ten days, and it is subject to a confidentiality order.

The remaining dispute concerns S.O.'s treatment plan and records that post-date March 2002. Plaintiff contends that the State "mishandled" S.O.'s case, and that her treatment plan and information subsequent to March 2002 would be relevant in proving that T.A.W.'s case and treatment plan were also mishandled.

The Court disagrees. Information relating to children in the State's custody is extremely sensitive. Indeed, the New Mexico Children's Code is an example of "beneficent legislation" intended "to provide for the care, protection and wholesome mental and physical development of children coming within the provisions of the Children's Code." NMSA 1978 § 32A-1-3(A). Indeed, Courts are admonished by the New Mexico Legislature that "[t]he child's health and safety shall be the paramount concern." Id. In protecting the health and safety of a child, the New Mexico Legislature has determined that certain kinds of proceedings and records should be closed. *See, e.g.*, §§ 32A-4-20, 21. This demonstrates the Legislature's overriding concern to protect the privacy interests of abused or neglected minor children, especially when there are allegations of sexual abuse.

Children may be in the State's legal custody for a variety of reasons. They may be abandoned, abused, neglected, subject to great harm or exploited. *See* § 32A-4-1 *et seq.* Because of the special needs of children in the State's custody, courts should utilize great care and proceed with significant circumspection when a request to release information related to a child is presented.

In authorizing the release of information in S.O.'s file up to the date of the report, the Court recognized the scope of discovery authorized by Fed. R. Civ. P. 26, and noted that this information

3

is, indeed, relevant to Plaintiff's theory of the case.  By releasing the information under an order of confidentiality, Plaintiff would have access to information which may be helpful in arguing her claim that the State knew or should have known of S.O.'s greater propensity to engage in sexual misconduct.  In so controlling the release of information, the Court was able to provide Plaintiff with information under Fed. R. Civ. P. 26 and still protect the privacy interests of the children.

The Court has not adopted the Plaintiff's theory.  It only recognizes that the Plaintiff is entitled to explore the existence of evidence to support her theory.  However, seeking information post-March 2002 is an entirely different matter.  Whatever information the State had prior to March 2002 may be relevant to demonstrate the alleged reckless misconduct by State actors that led to T.A.W.'s placement in the foster home or what the State knew of O.S. prior to T.A.W.'s placement.  However, the post-March 2002 information is not relevant.

In determining whether to authorize the discovery, the Court should properly balance one party's right of discovery with another party or individual's right to be free from intrusive and burdensome discovery.  This is all the more so true where certain information and records are deemed by law to be private.  In conducting the balancing test, the Court is required to look at the requester's need for the information from this particular source; the relevance of the requested information to the litigation; the burden of producing the sought-after material; and the harm or difficulty which would be caused to S.O. who, through the State, seeks to protect the information.  Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000); Burka v. U.S. Dept. of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

Here, after conducting the balancing test noted in Burka, the Court determines that the evidence relating to S.O.'s circumstances subsequent to March 2002, the date of the alleged report

to the State, should not be produced.  The relevance, if any, does not outweigh New Mexico's legislative recognition of privacy on these matters.  Plaintiff's need for information from this source is not significant, and the relevance, if any, does not outweigh S.O.'s privacy interests.  On balance, S.O.'s rights, through the State of New Mexico, to keep her records private outweighs Plaintiff's rights to obtain information not specifically relevant to Plaintiff's claims.

Accordingly, the Court sustains Defendants' objection and will not require the Defendants to produce information subsequent to the date the State was notified of the alleged abuse of T.A.W.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge